# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE DIRECT INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00538-DGK |
| | ) | |
| PRESTON E. MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING KANSAS CITY GUIDE RIGHT FOUNDATION'S UNOPPOSED MOTION TO QUASH SUBPOENA DUCES TECUM

This declaratory judgment action concerns insurance coverage for an automobile collision involving Defendant Preston E. Moore. Plaintiff Progressive Direct Insurance Company ("Progressive") seeks a declaration that it has no duty to indemnify or defend Moore with respect to the collision, which resulted in two deaths. The deceased's family members, who are also defendants in this action, are separately pursuing wrongful death actions against Moore. Presently before the Court is third-party movant Kansas City Guide Right Foundation's (the "Foundation's") unopposed motion to quash Progressive's subpoena duces tecum (Doc. 28). Because the subpoena seeks documents that the Foundation neither possesses nor controls, the motion is GRANTED.

Progressive's subpoena (Doc. 29-1) commands the Foundation to produce documents pertaining to Moore's and Marcus Simms's involvement with both the Foundation and the Kansas City Alumni Chapter of Kappa Alpha Psi Fraternity, Inc. ("KC Kappa Alpha Psi"). Simms is the named insured under the Progressive policy at issue in this litigation. The Foundation asks the Court to quash the subpoena because the Foundation holds no documents related to either individual and because KC Kappa Alpha Psi is a separate corporate entity. The Foundation claims

that KC Kappa Alpha Psi's records "are no more accessible to the Foundation than they are [to] [Progressive]." Progressive offers no objection.

Federal Rule of Civil Procedure 45(a)(1)(3) authorizes subpoenas for the production of documents in a party's "possession, custody or control." A corollary of Rule 45 is that "a person cannot be compelled to produce, under a subpoena, a document which is neither in his possession nor under his control." *Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018) (internal quotations and citation omitted). KC Kappa Alpha Psi is a different corporate entity from the Foundation. There is therefore no certain way for the Foundation to obtain its documents, and a subpoena to that effect is likely futile. Moreover, the Foundation states that it conducted a thorough search for any records responsive to Progressive's subpoena and found none. Accordingly, the Court GRANTS the Foundation's motion to quash (Doc. 28). Progressive should subpoena KC Kappa Alpha Psi directly.

**IT IS SO ORDERED.**

Date: December 14, 2018
/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT