IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE DIRECT INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00538-DGK |
| | ) | |
| PRESTON E. MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING SUMMARY JUDGMENT

This declaratory judgment action arises out of a deadly motor vehicle accident between Defendant Preston Moore ("Moore") and decedents Ryan and Laura Humphrey. Plaintiff Progressive Direct Insurance Company ("Progressive") seeks a declaration by this Court that Moore is not covered by the automobile insurance policy ("the policy"). Now before the Court is Progressive's motion for summary judgment. (Doc. 83). For the following reasons, the motion is GRANTED.

**Summary Judgment Standard**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The party seeking summary judgment bears the burden of showing this lack of genuine dispute as to any material fact. *Celotex Corp.*, 477 U.S. at 323. Summary judgment is only appropriate when "there is no dispute of fact and where there exists only one conclusion." *Crawford v. Runyon,* 37 F.3d 1338, 1341 (8th Cir. 1994) (citation omitted).

**Undisputed Material Facts[1]**

On or about November 11, 2017, Moore drove a 2017 Chevrolet Impala into oncoming traffic at or near the intersection of Interstates 49 and 435 in Kansas City, Missouri. Moore was driving down the wrong side of the highway while under the influence of alcohol. While driving into oncoming traffic, Moore collided with Ryan and Laura Humphrey's vehicle, killing them. The 2017 Chevrolet Impala Moore was driving had been rented from Enterprise by Marcus Simms, an acquaintance of Moore.

Defendants claim Simms gave Moore permission to operate the vehicle on November 11, 2017. The record is not clear as to whether Simms gave Moore permission to operate the 2017 Impala on the night of November 17, 2017. Because this motion is for summary judgment, the Court construes the evidence in the light most favorable to Defendants, the nonmoving party. Defendants Caroline Carter, Mark Hay, Darcy Humphrey, and Walter Humphrey, Jr. ("the Humphrey Defendants") have also alleged that Simms is vicariously liable for Moore's negligence under a theory of negligent entrustment. That issue is the subject of an ongoing state wrongful-death suit.

The policy issued to Simms by Progressive obligates Progressive to pay for the bodily injury and property damages caused by an "insured person," which is defined as:

> a. you, a relative, or a rated resident . . .;
> b. any person with respect to an accident arising out of that person's use of a covered auto with the permission of you, a relative, or a rated resident;
> c. any person . . . with respect only to vicarious liability for the acts or omissions of a person described in a. or b. above; . . . ."

---

[1] The Court excluded asserted facts that were immaterial or not properly supported by admissible evidence, legal conclusions, and argument presented as an assertion of fact. The Court included facts that were not genuinely disputed by any evidence under Federal Rule of Civil Procedure 56(c)(1).

**Discussion**

As the only person named on the policy, Simms is covered under part a of the policy as "you." Moore is not covered under part a because he is not named on the policy, nor is he a relative or rated resident of Simms. Under part b of the definition, only the 2008 Acura MDX is a "covered auto." Moore was operating a different vehicle the night of November 11, 2017, a vehicle that is not a "covered auto" under the policy. Thus, no liability can flow under part b of the policy. At issue, then, is whether Moore is owed liability coverage under part c.

Coverage under part c requires that Moore be vicariously liable for the acts or omissions of Simms. The Humphrey Defendants claim vicarious liability flows through the negligence, negligent entrustment, and negligence per se of Simms. Progressive, on the other hand, contends that there is no legal relationship between Simms and Moore to establish vicarious liability under part c of the policy.

A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits. *See, e.g.*, *Prudential Ins. Co. of Am. V. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007). Here, the parties agree that Missouri state substantive law governs this suit. Missouri law sees insurance policies as "designed to furnish protection" and a court should adopt "the interpretation that affords greater coverage" when the policy lends itself to multiple interpretations. *Noll v. Shelter Ins. Cos.*, 731 S.W.2d 393, 395 (Mo. Ct. App. 1987) (citation omitted).

The Humphrey Defendants point to their pending wrongful death suit to establish vicarious liability through a theory of negligent entrustment. Under Missouri law, negligent entrustment requires that:

> (1) the entrustee was incompetent by reason of age, inexperience, habitual recklessness or otherwise; (2) the entrustor knew or had reason to know of the entrustee's incompetence; (3) there was entrustment of the chattel; and (4) the negligence of the entrustor

3

> concurred with the conduct of the entrustee to cause the plaintiff's
> injuries.

*Hays v. Royer*, 384 S.W.3d 330, 333 (Mo. Ct. App. 2012) (citing *Hallquist v. Smith*, 189 S.W.3d 173, 175–76 (Mo. Ct. App. 2006). Missouri law does not require there to be an employer-employee or other legal relationship to assert a claim of negligent entrustment.

Defendants rely on *Noll v. Shelter Ins. Cos.*, 731 S.W.2d 393 (Mo. Ct. App. 1987), to support their position that an insured driver's negligent entrustment of a vehicle to an uninsured person can lead to liability "because of the acts or omissions of the named insured . . . ." 731 S.W.2d at 395. But this reliance is misplaced. In *Noll*, the insurance policy provided coverage for "any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of the named insured." *Id.* The policy here specifically limits liability to the "vicarious liability for the acts or omissions of" an insured person. This policy is narrower than the *Noll* policy, and therefore, *Noll* does not provide support for Simms' liability for damages arising out of Moore's accident based on a theory of negligent entrustment.

Vicarious liability requires a "master-servant" relationship. *Meckfessel v. Fred Weber, Inc.*, 901 S.W.2d 335, 339 (Mo. Ct. App. 1995). A claim of negligent entrustment alone is insufficient to establish the necessary relationship to support vicarious liability because the elements do not require such a relationship. Moreover, the facts here do not show that Simms and Moore had a master-servant relationship to support vicarious liability. Thus, Moore is not entitled to coverage under part c of the policy.

## Conclusion

Because Moore is not an insured person under the policy and Simms is not vicariously liable for the actions of Moore, Progressive's motion for summary judgment is GRANTED. The

Court declares: (1) Moore does not meet the definition of an insured person under the policy, (2) the policy does not extend liability coverage to Moore for damages arising out of the accident, (3) Progressive does not owe any insurance coverage for any claims or suits due to Moore's negligence, (4) Progressive is not required to defend or indemnify Moore for the damage caused by the accident, and (5) under the policy, Progressive does not owe any damages to anyone for Moore's negligence.

**IT IS SO ORDERED.**

Date:  March 19, 2020                     /s/ Greg Kays                    
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT